Daniel J. Kessler, Esq.  CSB #157163
Benjamin R. Seecof, Esq.  CSB #157000
KESSLER & SEECOF, LLP
2254 Moore Street, Suite 201
San Diego, CA  92110
Tel: 619-325-0795
Fax: 619-325-0796
legal@bigbadlawyer.com

Attorneys for Plaintiff Mytee Products, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYTEE PRODUCTS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TUNESAT LLC, a corporation, FREEPLAY MUSIC, LLC, a corporation, and DOES 1 to 50, <br><br> Defendants. | Case No.: **'15CV0236 AJB  JMA** <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHTS <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff, MYTEE PRODUCTS, INC., for its Complaint against TUNESAT, LLC, a corporation, FREEPLAY MUSIC, LLC, a corporation, and DOES 1 to 50, alleges as follows:

**THE PARTIES**

1.   Plaintiff Mytee Products, Inc. (hereinafter "Mytee") is, and at all times mentioned herein was, a California corporation with its principal place of business in the County of San Diego.

COMPLAINT                                        1

2. TuneSat LLC, (hereinafter "TuneSat") is, based on plaintiff's information and belief, a corporation doing business in the County of San Diego.

3. FreePlay Music, LLC, (hereinafter "FreePlay"), is, based on plaintiff's information and belief, a corporation doing business in the County of San Diego.

4. Defendants Does 1 to 50, inclusive, whether individuals, corporations, partnerships, or otherwise, are fictitious names of Defendants, whose true names, interests, rights, and capacities are, at this time, unknown to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each of the Does 1 to 50 expressly or impliedly assumed liability for the acts or obligations of the other defendants described herein, or are or were in some way liable or responsible to the plaintiff on the facts herein alleged.  Plaintiff therefore sues these defendants by such fictitious names and will amend said complaint when their true names, rights, interests, and capacities are ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants, including all Doe defendants, was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged was acting within the scope of such agency and employment.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under the Federal Declaratory Judgments Act, Title 28, United States Code, Sections 2201 and 2202, and under the Copyright Act, 17 United States Code, Sections 101, et seq.  Thus this Court has jurisdiction under the laws of the United States, Title 28, United States Code, Sections 1331 and 1338.

7. Defendants are subject to personal jurisdiction in this district because they conduct business within this district.  Defendants are in the business of selling or contracting to sell licenses to customers in the State of California.  Defendants are corporation holding themselves out as the owner or administrator of copyrights to downloadable music from a website (or sites) accessible and available across the

COMPLAINT                                         2

nation, including in California. Defendants' assertions of infringement of alleged copyrights were and are targeted to the plaintiff in the State of California.  Thus, this Court has both general and specific personal jurisdiction over defendants.

8. Venue is proper in this United States District Court for the Southern District of California pursuant to Title 28, United States Code Section 1391(b).

## CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHTS)

9. On information and belief, plaintiff alleges that defendants claim to "own or control" or "administer" copyrights in various musical works.

10. Plaintiff Mytee manufactures machines for carpet and floor cleaning.

11. On January 16, 2015, plaintiff Mytee received an email from defendant TuneSat's "head of compliance, digital rights administration" demanding, among other things, that plaintiff pay to defendants "settlement fees" (totaling a minimum of $46,800) for alleged infringement of copyrights in music allegedly used by Mytee on 13 instructional videos for Mytee's products posted on YouTube.com.

12. In addition, defendants threatened, and threaten, imminent legal action, including that "If this matter is not fully resolved within the next 7 days, Freeplay Music LLC will apply all other legal remedies to protect its property from illegal uses of its material."

13. Contrarily, defendants disclaim that anything they represent is accurate or reliable and condition their demands with statements such as "[a]s always, this e-mail is being sent solely for settlement purposes and does not reflect the value of these uses nor the damages that were caused by the unauthorized uses.  The contents of this e-mail are not and shall not be construed as an admission of any kind as to the facts set forth, nor the merits of any claim(s) we and/or any other party may have or may purport to have against you or any other defendants, nor shall it be construed as an admission for any purposes on our part and/or on the part of any other party.  All

COMPLAINT                                         3

of our rights and remedies are hereby expressly reserved."

14. Mytee, on information and belief, alleges that defendants do not "own or control" or "administer" copyright registrations for the musical works in question and, thusly, have no right to file an action for copyright infringement. Moreover, on information and belief, Mytee alleges that, if any of the claimed music is copyrighted, the copyright for said music is not owned by one or more of the defendants and, thusly, that defendant or defendants has no right to sue, or threaten suit, for infringement.

15. Furthermore, defendants do not definitively assert that Mytee is not licensed, or did not purchase a license, to use the musical works in question. Instead, defendants invite Mytee to prove that it purchased a license from defendants and, in the event Mytee is unable to document its license, be subject to defendants' claims. However, defendants operate a website offering music to customers through files downloaded from the website, and, as presently configured, said website requires the customer to select a license prior to obtaining the offered music. Mytee, as a practice, would not have obtained or used music absent a right to do so and believes that, as a function of defendants' website, any music downloaded by Mytee must have been downloaded with a license from defendants. Accordingly, any use by Mytee of music owned and copyrighted by defendants was authorized.

16. Based on the demands of defendants, it is impossible to determine whether there is a legitimate basis for defendants' claims, and the conduct of defendants, with the threat of immediate legal action, causes Mytee apprehension that it will be subject to an infringement lawsuit by defendants.

17. There is a substantial and justiciable controversy between plaintiff and defendants as to defendants' right to threaten or maintain suit for infringement of copyright, and as to the validity and scope any copyrights, as to whether plaintiff's conduct infringes any copyright, and as to whether plaintiff had/has a license to use the musical works claimed by defendants.

COMPLAINT                                          4

18. Plaintiff alleges on information and belief that defendants' claims are invalid, unenforceable, and void for one or more reasons, including:

(a) Plaintiff has not infringed on any copyright;

(b) The copyrights which defendants claim are not owned by defendants;

(c) The material in which defendants claim a copyright are not original works of authorship, such as having an absence of sufficient creativity and originality to be entitled to copyright protection or registration or merely consisting of a combination of known elements or components, all of which are in the public domain, and are not entitled to copyright protection or registration;

(d) Plaintiff's use of any copyrighted material was fair use;

(e) Plaintiff's use of any copyrighted material was authorized;

(f) The statute of limitations on any claim of defendants has expired.

## PRAYER

WHEREFORE, plaintiff prays for judgment in its favor and against defendants as follows:

a. Entry of judgment that said defendants are without right or authority to threaten or maintain suit against plaintiff for alleged infringement of alleged copyrights; that said copyrights are invalid, unenforceable, and void; and that said alleged copyrights, if valid and enforceable, are neither infringed by plaintiff nor used by plaintiff without authorization.

b. Entry of judgment enjoining defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with defendants who receive actual notice thereof, from initiating infringement litigation and from threatening plaintiff or any of its agents or employees, with infringement litigation or charging any of them either verbally or in writing with infringement of said alleged copyrights or asserting rights under copyright in and to the alleged musical works.

     c.    Entry of judgment awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff.

     d.    Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Mytee Products, Inc. demands a jury trial for all issues so triable.

DATED: February 5, 2015         KESSLER & SEECOF, LLP

s/Benjamin R. Seecof
BENJAMIN R. SEECOF, ESQ.
Attorneys for Plaintiff
Mytee Products, Inc.
Email: legal@bigbadlawyer.com